UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:15-CV-21478-SCOLA/OTAZO-REYES

| | |
|---|---|
| ANIA ROQUE and all other similarly situated individuals | )<br>)<br>)<br>) |
| Plaintiff,<br>vs. | )<br>)<br>)<br>) |
| ALWAYS CLEAN 51, INC. AND MADY GOMEZ | )<br>)<br>)<br>) |
| Defendants | )<br>)<br>) |

**JOINT INTERIM STATUS REPORT**

Come Now the Parties Ania Roque and Always Clean 51, Inc. ("the Corporate Defendant"), by and through undersigned counsel, and hereby file this Joint Interim Status Report, stating as follows:

1. The individual Defendant has filed for bankruptcy protection and this case is stayed as to her and she is not participating in this Joint Interim Status Report.

2. **Have all defendants been served?   If not, state the reasons.**

Response:   Yes, all defendants have been served.

3. **Have all defendants responded to the Complaint?   If not, state the reasons**

Response:   Yes, all defendants have responded to the complaint.

4. **If this is a class action, has a motion for class certification been filed?  If so, what is its status?**

Response:  This is not a class action.

5. **Have the parties agreed on and selected a mediator?  Have the parties agreed upon a place, date, and time for mediation?**

Yes, the parties have discussed mediation. However, the corporate defendant is willing to consent to a reasonable final judgment inclusive of attorney's fees and costs. The individual Defendant has filed for bankruptcy. The corporate Defendant is not a going concern and is essentially out of business. Undersigned may move for permission to withdraw as to the Corporate Defendant. The Corporate Defendant's position is that it is completely without funds. It cannot pay for mediation.

6. **Have the parties engaged in informal settlement negotiations? If not, explain the reasons for failure to do so. If yes, state the status of such negotiations (e.g. ongoing, impasse, etc.) and the relative prospects for resolution through informal means.**

Response: The parties have discussed settlement, and have agreed to continue such discussions.

7. **Describe the status of discovery to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons**.

Response: Plaintiff has set the deposition of the Corporate Representative for September 3, 2015. Plaintiff has propounded written discovery, which has not been responded to. Plaintiff will need to follow up with taking 3rd party discovery and depending upon the responses, may move to compel the corporate defendant for better responses. As such Plaintiff's would not be able to meet the current set discovery deadline.

8. **Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.**

The Corporate Defendant has yet to respond to any of Plaintiff's discovery demands. Plaintiff is therefore requesting an extension of the discovery time period by 45 days.

## CONSENT OF COUNSEL FOR DEFENDANTS

Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiff represents to the Court that counsel for Defendant has authorized him to affix their electronic signature to Joint Status Report.

Respectfully Submitted,

| | |
|---|---|
| Dated: 8/28/2015 | Dated: 8/28/2015 |
| J.H. Zidell, P.A. | Rice Pugatch Robinson, P.A. |
| Attorney for Plaintiff | Attorney for Defendants |
| 300 71st Street, Suite 605 | 101 NE Third Avenue, Suite 1800 |
| Miami Beach, Florida 33141 | Ft. Lauderdale, Florida 33301 |
| Tel: (305) 865-6766 | Tel: (954) 462-8000 |
| Fax: (305) 865-7167 | Fax: (954) 462-4300 |
| By: /s/ Steven Fraser | By: /s/ Ronald J. Cohen |
| Steven Fraser, Esq. | Ronald J. Cohen, Esq. |
| Florida Bar Number 625825 | Florida Bar Number: 235540 |